**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SALVATORE JULIANO SOWELL, | : | Case No. 2:23-cv-1683 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus |
| | : | Magistrate Judge Karen L. Litkovitz |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

On September 6, 2023, the undersigned issued a Report recommending that plaintiff's case be dismissed for lack of prosecution based on his failure to either pay the filing fee or submit an *in forma pauperis* application to initiate this action. (Doc. 12).

On October 26, 2023, plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 13). In view of plaintiff's pro se status and in the interest of justice, the undersigned reconsiders the previous recommendation to dismiss this case for lack of prosecution and vacates the September 6, 2023 Report and Recommendation. By separate order, the Court has considered plaintiff's belated motion and granted him leave to proceed *in forma pauperis* in this case.

This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

---

[1] Formerly 28 U.S.C. § 1915(d).

2

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells*

*v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

    B. **Allegations in the Complaint**

Plaintiff's original complaint (Doc. 1) was not signed, and plaintiff was ordered to submit a signed complaint if he wished to proceed with a lawsuit. (Doc. 2). Plaintiff then filed a "Statement of Claim" (Doc. 8), which the Court has construed as plaintiff's signed complaint. (Doc. 11).

Plaintiff's complaint is rambling and difficult to decipher. As best the Court can discern, plaintiff alleges he was arrested on December 15, 2022 at the Ohio State University James Wexner Medical Center after receiving emergency room treatment. (Doc. 8 at PAGEID 49). He alleges that he was approached by Ohio State University Police Officer A. Ward who advised plaintiff she was responding to a call about someone refusing to leave the emergency room. Plaintiff states he did not have transportation at that time of the day, and the medical staff had given him permission to remain at the Center. Plaintiff alleges Officers Bo Elliott and Brian Graffe told him they did not care if he had permission and that he had to leave. Additional officers arrived and demanded plaintiff leave immediately. Plaintiff alleges he feared the Ohio State University Police Department was "trying to kill me for listing them as a defendant in the civil action number 470 Racketeer Influenced and Corrupt Organizations Act lawsuit that, at that time, I was in the process of filing." (*Id*. at PAGEID 51). Plaintiff states that after a brief scuffle, he was transported to the Franklin County Corrections Center. He was then threatened by an unknown officer at the Corrections Center who stated that he knew people in the courthouse who would use an incorrect Social Security number so plaintiff would never get out of jail. Plaintiff later learned he had been indicted in two separate cases on charges of assault and harassment by an inmate. He was released on bond following his court appearance, but

then subsequently arrested in April 2023 on criminal trespassing charges. While awaiting a court hearing, an unknown deputy told him he was not going to win his lawsuit "because we know how to break the law and get away with it." (*Id*. at PAGEID 55). He alleges Ms. Shadoe Marie Reese, the mother of his child, and Ms. Ashley Renee Sowell, his sister, are "both listed as defendants being held responsible for this civil action number 470 Racketeer Influenced and Corrupt Organizations Act lawsuit against the United State of America." (*Id*. at PAGEID 51). On the last page of his complaint, plaintiff names the following as defendants: Ms. Shadoe Marie Reese; Mr. Deante Christopher Parker; Ms. Ashley Renee Sowell; Mr. Brian Grefe; Mr. Bo Elliott; Ms. Adrienne Ward; The Ohio State University; The Ohio State University Police Department; the Franklin County Sheriff's Administration; the Franklin County Municipal Court; and the Franklin County Court of Common Pleas. (*Id*. at PAGEID 57). While the complaint does not set forth the relief plaintiff is seeking, other documents filed by plaintiff indicate he seeks monetary compensation and criminal charges to be filed against the defendants. (Doc. 3, Motion for Demanded Compensation Injunction; Doc. 5, Motion for Injunction).

    C. **Analysis**

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

First, plaintiff's complaint does not state a claim for relief against the United States of America because the complaint fails to allege any particular facts showing how the United States violated plaintiff's rights. Moreover, the United States is immune from suit except where such immunity has been waived by statute. *United States v. Shaw*, 309 U.S. 495, 500 01 (1940); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). Plaintiff has alleged no facts indicating immunity has been waived in this case. Therefore, the complaint against the United

States must be dismissed.

To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, the complaint indicates that both plaintiff and the non-United States defendants are citizens of Ohio. Therefore, the complaint does not allege that the citizenship of plaintiff and the defendants is diverse. 28 U.S.C. § 1332(1). This Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Nor does the complaint allege a violation of federal law. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claims arise under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Plaintiff's complaint appears to allege a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. In pertinent part, RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in" activities

6

affecting "interstate or foreign commerce . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a claim for relief under the RICO statute, plaintiff must allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). "To establish a RICO violation under § 1962(c), a plaintiff must allege that the RICO enterprise engaged in a 'pattern of racketeering activity' consisting of at least two predicate acts of racketeering activity occurring within a ten-year period. 18 U.S.C. § 1961(5)." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). Plaintiff has failed to allege any facts meeting the elements of a RICO claim.

Plaintiff has not identified any other federal law that the defendants allegedly violated, nor can the Court discern a violation of federal law based on the allegations of the complaint. Therefore, plaintiff's allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court concludes that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and, in the alternative, for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. The September 6, 2023 Report and Recommendation be **VACATED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 11/9/2023

Karen L. Litkovitz
United States Magistrate Judge

8