UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SALVATORE JULIANO SOWELL           Case No. 2:23-cv-01683
    Plaintiff,                              Sargus Jr., J.
                                    Litkovitz, M.J.
vs.

UNITED STATES OF AMERICA,           **REPORT AND**
    Defendant.                           **RECOMMENDATION**

      Plaintiff Salvatore Juliano Sowell is currently an inmate at the James A. Karnes Corrections Center. Plaintiff's amended complaint alleged various civil rights violations and other violations of law by the United States of America related to and between his arrests in December 2022 and April 2023. (*See generally* Docs. 1, 8).[1] On November 9, 2023, the undersigned issued a Report and Recommendation to dismiss plaintiff's complaint for failure to state a claim for relief and for lack of subject matter jurisdiction. (*See* Doc. 25). On January 8, 2024, the District Judge adopted the Report and Recommendation, and the Clerk issued a judgment accordingly. (*See* Docs. 27, 28). This matter is now before the Court on plaintiff's four "Motion[s] for Leave of Court" (Docs. 35, 37, 39, ands 41)[2] and his motion for leave to appeal *in forma pauperis* (Doc. 40).

      The relief plaintiff seeks in his motions for leave of court would require the Court to reopen his case. Courts generally construe such motions as motions for relief from judgment under Rule 60(b), and the Court does so here. *See Payne v. Shrock*, No. 16-11299, 2018 WL 3100904, at *1 (E.D. Mich. June 25, 2018). Under Rule 60(b):

---

[1] The Court construed these documents as plaintiff's amended complaint. (*See* Doc. 25 at PAGEID 129).
[2] Plaintiff attaches to his motions what he styles as "affidavits," but they are not sworn or made under penalty of perjury. (*See* Doc. 35 at PAGEID 153-54; Doc. 37 at PAGEID 160; Doc. 39 at PAGEID 177-78; and Doc. 41 at PAGEID 191-92).

1

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his first of these motions, plaintiff seems to reference the first and second subsections of Rule 60(b), stating that "grounds" for his motion include "clear error of law and newly discovered evidence. . . ." (Doc. 35 at PAGEID 149). The motions do not otherwise clearly reference subsections of Rule 60(b). "[A] Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). "To prevail on a Rule 60(b)(2) motion, a movant must demonstrate that 1) he exercised due diligence in obtaining the information, and 2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Bilski v. McCarthy*, 790 F. App'x 756, 765 (6th Cir. 2019) (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

Given that plaintiff's motions are not clear, the Court also considers each motion under Rule 60(b)(6), the catchall provision, which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989).  Simply restating prior allegations is insufficient to demonstrate that a party is entitled to relief under any subsection of Rule 60(b), including the catchall provision.  *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

As grounds for plaintiff's first motion, plaintiff references a "Motion for Discovery" he filed in another case before the Court: *Sowell v. State of Ohio*, Case No. 2:24-cv-3731 (S.D. Ohio July 19, 2024) (Doc. 4).  This prior case was dismissed without disposition of that motion.  *Id.* (S. D. Ohio November 5, 2024) (Docs. 13, 14).  Plaintiff fails to explain how the evidence sought by that motion was material or controlling, or would have produced a different result in this lawsuit.  *See* Fed. R. Civ. P. 60(b)(2); *Bilski*, 790 F. App'x at 765.  Plaintiff does not otherwise demonstrate a mistake or extraordinary circumstance of any kind for purposes of Rule 60(b)(1) or (6).  Plaintiff's first motion (Doc. 35) should be denied.

In his second motion, plaintiff requests that the Court, "grant all of the relief sought" because "[t]he evidence that was submitted in . . . Sowell v. State of Ohio proves beyond a reasonable doubt there was an intentional breach of my [E]ighth [A]mendment constitutional right . . . ." (Doc. 37 PAGEID 159-60).  Plaintiff asks for many things, including—as best the Court can tell—that "District Judge Michael Watson" and "proper departments(s)" secure him various documents and bank accounts associated with the identity "Tom Marvolo Riddle-Sowell," deposit over $50,000,000.00 in a bank for this individual, and send plaintiff $10,000.00 at his place of incarceration; that a Franklin County Common Pleas Court judge dismiss two

3

criminal lawsuits; and that this Court change the above-captioned lawsuit into one pursuant to the Racketeer Influenced and Corrupt Organizations (RICO) Act. (*Id.* at PAGEID 161-63). There is no basis for such relief under Rule 60(b) or any other legal authority. This motion (Doc. 37) should be denied.

In his third motion, plaintiff references "newly discovered evidence" and states that the undersigned and Judge Sargus "knowingly and deliberately with full legal awareness of the illegality of their actions and without the privilege to do so, intentionally used the incorrect case number on the R[eport] and R[ecommendation]. . . ." (*Id.* at PAGEID 177). With respect to newly discovery evidence (Rule 60(b)(2)), plaintiff's motion is largely illegible and does not include material evidence that would have produced a different result in this lawsuit. *See Bilski*, 790 F. App'x at 765. The mistake alleged by plaintiff (Rule 60(b)(1)) appears to be a typo in the captioned case number on the September 6, 2023 Report and Recommendation. (Doc. 12 at PAGEID 70) ("2:23-cv-1368" as opposed to "2:23-cv-1683"). This error is not a "substantive mistake of fact" in a final order, *see Reyes*, 307 F.3d at 455, and, in any event, the undersigned later vacated this Report and Recommendation. (Doc. 25). Plaintiff otherwise offers no plausible explanation of extraordinary circumstances (let alone evidence supporting such circumstances) that would warrant relief under Rule 60(b)(6). Plaintiff's third motion (Doc. 39) should be denied.

In plaintiff's fourth motion, plaintiff realleges mistake with regard to the incorrect case number on the caption in the undersigned's Report and Recommendation (Doc. 12 at PAGEID 70) and asks the Court to reopen and classify this case as a RICO action and/or a class action. (Doc. 41 at PAGEID 189, 191-92). Plaintiff otherwise seems to ask the Court to waive requirements for habeas relief (*see* 28 U.S.C. § 2254), waive requirements for appealing *in forma*

*pauperis*, and waive "all cloaks of immunity that bars the suit . . . or [grant] monetary relief . . . to assist in the prosecution of this legal matter." (*Id.* at PAGEID 189-93). Other allegations in this motion are unintelligible. As best the Court can tell, the relief requested in this motion would fall under Rule 60(b)(1) or (6). As mentioned above, the typo in the undersigned's Report and Recommendation does not warrant relief under Rule 60(b)(1). Plaintiff does not otherwise offer a coherent argument for relief under Rule 60(b)(6). Plaintiff's fourth motion (Doc. 41) should be denied.

Finally, plaintiff has moved for leave to appeal *in forma pauperis*. (Doc. 40). The judgment of dismissal was entered in this case on January 8, 2024. To date, plaintiff has not filed a notice of appeal of this judgment, which was due February 7, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Even if the Court were to construe this filing as a notice of appeal, it would be late. *Id.* This motion (Doc. 40) is therefore **DENIED**.

**IT IS THEREFORE RECOMMENDED** that plaintiff's motions for leave of court (Docs. 35, 37, 39, 41) and plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 40) be **DENIED.**

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SALVATORE JULIANO SOWELL               Case No. 2:23-cv-01683
    Plaintiff,                                             Sargus Jr., J.
                                                                     Litkovitz, M.J.
vs.

UNITED STATES OF AMERICA,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).