# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SALVATORE JULIANO SOWELL<br>    Plaintiff, | Case No. 2:23-cv-01683<br>Sargus Jr., J.<br>Litkovitz, M.J. |
| vs. | |
| UNITED STATES OF AMERICA,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Salvatore Juliano Sowell is currently an inmate at the James A. Karnes Corrections Center. Plaintiff's amended complaint alleged various civil rights violations and other violations of law by the United States of America related to and between his arrests in December 2022 and April 2023. (*See generally* Docs. 1, 8).[1] On November 9, 2023, the undersigned issued a Report and Recommendation to dismiss plaintiff's complaint for failure to state a claim for relief and for lack of subject matter jurisdiction. (*See* Doc. 25). On January 8, 2024, the District Judge adopted the Report and Recommendation, and the Clerk issued a judgment accordingly. (*See* Docs. 27, 28). Plaintiff then filed several other motions (Docs. 35, 37, 39, 40, and 41), which included requests for relief from judgment. The District Judge adopted a subsequent Report and Recommendation (Doc. 42) by the undersigned to deny those motions, and held that the case remained closed. (*See* Doc. 45).

Before the District Judge adopted that most recent Report and Recommendation (Doc. 42), however, plaintiff filed two additional motions.[2] The first (Doc. 43) is filed in two columns: the first column is captioned "Complaint" and the second is captioned "Express Waiver/Motion

---

[1] The Court construed these documents as plaintiff's amended complaint. (*See* Doc. 25 at PAGEID 129).
[2] Plaintiff does not reference the Report and Recommendation (Doc. 42) in these motions, and the District Judge did not construe these motions as responsive to it. *See* Fed. R. Civ. P. 72(b)(2).

for Leave." It is difficult to decipher, but construed liberally, plaintiff seems to be asking the Court for leave to amend his complaint.[3]

This motion (Doc. 43) should be denied. "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). While plaintiff has sought to set aside the judgment entered in his case, he was unsuccessful. (*See* Doc. 45).

Summarized, plaintiff's second motion (Doc. 44) seeks an order:

1. Directing the Social Security Administration to generate for plaintiff a new Social Security number;

2. Directing the Ohio State University James Wexner Medical Center to generate for plaintiff a new birth certificate;

3. Directing the Ohio Department of Motor Vehicles to create for plaintiff a new state identification card;

4. Directing Chase Bank to open and deposit into an account one hundred million dollars;

5. Declaring plaintiff deceased; and

---

[3] Plaintiff does include a request for "reinstatement of [his] case." (*Id.*). Unlike plaintiff's other recent motions, however, he makes no reference to Rule 60(b) of the Federal Rules of Civil Procedure, its underlying requirements, or (as noted above) the undersigned's Report and Recommendation (Doc. 42) regarding relief from judgment. As such, the Court finds it more appropriate to construe the motion as a motion for leave to amend his complaint. Construing it as a motion for relief from judgment would not affect the undersigned's recommendation, as plaintiff's motion does not attempt to address any of the subsections of Rule 60(b) in any fashion.

6. Directing a "special agent" to hand-deliver all of the foregoing to plaintiff at his place of confinement.

There is no legal basis supporting the relief requested or the Court's authority to grant it, and this frivolous motion (Doc. 44) should be denied.

Given the foregoing and the District Judge's denial of relief from judgment (Doc. 45), the undersigned recommends that any further filings in this closed case be stricken. *See Bell v. Mercy Hosp.*, No. 1:23-cv-212, 2023 WL 8788804, at *1 (S.D. Ohio Dec. 19, 2023) ("[B]ecause Plaintiff's post-judgment motion is patently frivolous, and there is no non-frivolous basis for any further filings in this closed case, any further motions shall be summarily denied on procedural grounds without the necessity of further analysis."). *See also Overton v. United States*, No. 1:11-cv-0158, 2012 WL 6061087, at *1 (S.D. Ohio Dec. 6, 2012) ("[T]his case is closed, the Court therefore no longer has jurisdiction, and any post-judgment motions can only serve to harass.").

**IT IS THEREFORE RECOMMENDED** that:

1. Plaintiff's motions (Docs. 43, 44) be **DENIED.**
2. Any further filings by plaintiff in this case be automatically stricken unless accompanied by an attorney's certification that the filing is not frivolous.

Date: 1/9/2025

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SALVATORE JULIANO SOWELL
    Plaintiff,

vs.

UNITED STATES OF AMERICA,
    Defendant.

Case No. 2:23-cv-01683
Sargus Jr., J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).